# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Charles Hamilton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | |
| Victor Hill, | ) | |
| Roland Boehrer, | ) | |
| Terrance Gibson, | ) | JURY TRIAL DEMANDED |
| Levon Allen, | ) | |
| K. Crews, | ) | |
| Elizabeth Smith, | ) | |
| Correct Health, LLC, | ) | |
| Correct Health Clayton, LLC, | ) | |
| Dr. Charles Clopton, M.D., | ) | |
| Tiffanie Mitchell, | ) | |
| Deborah Pilgrim, | ) | |
| Mamie Miller, | ) | |
| Joan Tapper, | ) | |
| Teresa Nicholson, | ) | |
| John Sims, | ) | |
| Ramonica Jordan, | ) | |
| Shena Carter, | ) | |

All individually and officially,
        Defendants.

---

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff and files this Complaint for Damages against the

above-captioned Defendants, all individually and officially, showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages, special damages, general damages, reasonable attorneys' fees and costs, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Charles Hamilton, resides in Troup County, Georgia and is subject and submits to the jurisdiction and venue of this Court.

5. At all times relevant hereto, Victor Hill was the Sheriff of Clayton County, Georgia, and was and is responsible for oversight of the entire Sheriff's Office, including the jail and its operations. Sheriff Hill is being sued both in his individual capacity and his official capacity as a law enforcement officer. Sheriff Hill at all times relevant hereto was acting pursuant to his employment and under color of state law and is subject to the jurisdiction and venue of this Court.

6. Defendants Hill, Boehrer, Gibson, E. Smith, K. Crews, and Allen were employed as Jail staff and/or supervisory staff with the CCSO at all times relevant hereto and were acting pursuant to their employment and under color of state law. All are being sued in their individual and official capacities. All are subject to the jurisdiction and venue of this Court.

7. Defendants Clopton, Mitchell, Pilgrim, Miller, Tapper, Nicholson, Sims, Jordan, and Carter are or were employees of Correct Health and/or Correct Health Clayton, LLC and are subject to the jurisdiction and venue of this Court.

8. Correct Health and/or Correct Health Clayton, LLC are domestic LLCs transacting business in the State of Georgia and County of Clayton. Correct Health and/or Correct Health Clayton contract with Clayton County and/or the Clayton County Sheriff's Office to provide healthcare services to jail inmates and are therefore amenable to suit for claims made under section 1983. Correct Health and/or Correct Health Clayton, LLC are subject to the jurisdiction and venue of this Court.

9. All conditions precedent to this action, including grievance procedures and ante litem, have occurred, been executed, or been waived.

## FACTUAL ALLEGATIONS

10. On or about December 25, 2020, Plaintiff, Charles Hamilton, was incarcerated at the Clayton County Jail as a pretrial detainee. He was attacked by another inmate and was left with serious injuries to his face, ears, eyes, brain, and head.

11. Plaintiff brought this attack and the attendant injuries and medical needs to the attention of jail staff, including but not limited to Hill, Gibson, Boehrer, Smith, Allen, and Crews, all of whom had actual knowledge of Plaintiff's serious medical needs.

12. Having knowledge of same, Hill, Gibson, Boehrer, Allen, Crews, and Smith were deliberately indifferent to Plaintiff's serious medical needs.

4

13. These same needs were also made known to Correct Health and its employees as named in this Complaint, to wit: Clopton, Mitchell, Pilgrim, Miller, Tapper, Nicholson, Sims, Jordan, and Carter.

14. Having knowledge of same, all were deliberately indifferent to Plaintiff's serious medical needs.

15. To communicate his needs, Plaintiff primarily used the jail's inmate grievance system and kiosk to inform jail staff and Correct Health employees that he needed treatment.

16. Plaintiff's father, Charles Hamilton Sr., also mailed a letter to Sheriff Hill via certified mail (and same was signed for) on or about March 15, 2021[1], complaining of his son's medical needs and the lack of attention that he received. He received no response and Plaintiff's needs continued unmet.

17. Plaintiff eventually received cursory, insufficient medical attention and treatment from Correct Health and/or Correct Health Clayton in 2021 and 2022 by and through its employees as named in this Complaint and same was insufficient, untimely, or both.

---

[1] Plaintiff's injuries constitute a continuing tort and ongoing deprivation of his constitutional rights, and the statute of limitations did not begin to run until such time as he received appropriate medical attention. See *Lavellee v. Listi,* 611 F.2d 1129, 1132 (5th Cir. 1980); *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).

18. The initial medical attention that Plaintiff received from the jail and/or Correct Health was medically insufficient to address his medical needs, and the failure and delay sufficiently to treat Plaintiff caused his injuries to worsen significantly.

19. As a result of the delayed and deficient medical treatment, Plaintiff suffers and will continue to suffer debilitating facial and cranial pain, loss of vision, blurred vision, memory and mood issues, headaches, post-concussive injury, aphasia, astigmatism, and other related injuries.

## COUNT I
### 42 U.S.C. §1983
### FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE
### ALL DEFENDANTS

20. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 19 as if fully set forth herein.

21. At all times relevant hereto, these Defendants were acting as employees and/or agents of the CCSO and were acting under color of law.

22. At all times, Plaintiff had a clearly-established constitutional right under the Due Process Clause of the Fourteenth Amendment to have his medical needs timely and sufficiently treated, and the failure to do so on behalf of CCSO and Correct Health employees or agents constitutes a violation.

23. At all times relevant hereto, Plaintiff had a serious medical need to have his head, eyes, ears, brain, and face examined and treated sufficiently to repair the damage and to stop same from worsening.

24. All named defendants had actual knowledge of Plaintiff's serious medical needs and failed to timely and sufficiently treat said medical needs.

25. As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injuries are permanent and continuing.

## COUNT II –
### STATE LAW NEGLIGENCE
**Against CORRECT HEALTH, CORRECT HEALTH CLAYTON, LLC, CLOPTON, MITCHELL, PILGRIM, MILLER, TAPPER, NICHOLSON, SIMS, CARTER, JORDAN, and SMITH**

26. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 19 as if fully set forth herein.

27. At all times, these Defendants had a duty to Plaintiff to exercise ordinary care with Plaintiff.

28. By failing to exercise ordinary care in their dealings with Plaintiff, these defendants breached their duty of care to Plaintiff.

7

29. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress, which injury is permanent and continuing.

## COUNT III –
## ATTORNEYS FEES AND COSTS
## 42 U.S.C. §1988 and GEORGIA LAW
## ALL DEFENDANTS

30. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 29 as if fully set forth herein.

31. As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

32. Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages, in an amount or amounts to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

c) Grant such other and further relief that the Court deems just and proper.

This 10th day of April, 2023.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
*Counsel for Plaintiff*

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## FONT CERTIFICATION

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court.

This 10th day of April, 2023.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com